UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
HONG MAI,

        Plaintiff,

    - against -

NEW YORK STATE DEPARTMENT
OF HEALTH, et al.

        Defendants.
---------------------------------------------------------X

REPORT AND RECOMMENDATION

MISC12 - 437
CV
ROSS, J.
POLLAK, M.J

FILED CLERK 2012 JUL -2 PM 4:43 U.S. DISTRICT COURT EASTERN DISTRICT NEW YORK

        On June 25, 2012, Hong Mai, proceeding *pro se*, filed a motion with this Court seeking leave to file a civil complaint. In accordance with the October 10, 2000 Order of the Honorable Allyne R. Ross that enjoined Ms. Mai from filing any civil action in the Eastern District of New York without obtaining prior leave from the undersigned, the Court has reviewed the allegations in the proposed Complaint and respectfully recommends that the Complaint not be filed for the reasons stated below.

## DISCUSSION

        Ms. Mai's proposed federal Complaint against the New York State Department of Health ("N.Y.S. Dept. of Health"), Bellevue Hospital Center ("Bellevue Hospital" or "the Hospital"), Dermer Pharmacy and Surgical ("Dermer Pharmacy"), the New York State Office of Temporary and Disability Assistance ("N.Y.S. Office of Temporary and Disability Assistance"), Guildnet, and Medicaid challenges the defendants' alleged failure to provide Ms. Mai with a replacement for her damaged power wheelchair. Ms. Mai claims to be eligible for Medicaid benefits that

include this type of medical equipment. Medicaid is administered in New York City by the N.Y.S. Department of Health, and the N.Y.S. Office of Temporary and Disability Assistance, as well as the New York City Department of Social Service, which was not named as a party in this case.

Ms. Mai alleges that in April 2011, she visited Bellevue Hospital to ask a doctor to complete the paperwork necessary for her to receive a replacement power wheelchair, as hers had been damaged by usage. At the Hospital, she was told that a representative from the Hospital named Mr. Bond would call her to help her with the paperwork. Subsequently, Mr. Bond called Ms. Mai and told her that a doctor would complete the paperwork and that the Hospital would send it to Albany for approval. However, time passed and Ms. Mai received neither a replacement wheelchair nor further communication, so she requested a fair hearing by the N.Y.S. Department of Health. Prior to the hearing, the N.Y.S. Department of Health's Office of Health Insurance Programs ("OHIP") notified her by letter dated June 2, 2011 that "there is no evidence of a power wheelchair request being submitted to this Medical Prior Approval unit. . . . it appears the beneficiary's power wheelchair request was not submitted correctly." (OHIP Let. I[1] at 1-2). Ms. Mai claims she passed this information on to Bellevue Hospital.

A fair hearing was held on June 29, 2011 before an administrative law judge ("ALJ"). The ALJ found that Ms. Mai's complaint did not present a question over which the Commissioner had jurisdiction to issue a determination. Specifically, the ALJ determined that "[t]he record in this matter fails to establish that the Appellant, or any agent of the Appellant,

---

[1] Citations to "OHIP Let. I" refer to the letter from the OHIP, dated June 2, 2011, attached as Exhibit A to Ms. Mai's proposed federal Complaint.

2

made a request to the Agency for a prior approval regarding the electric wheelchair which the Appellant is seeking in this matter. The[re] is therefore no detrimental determination by the Agency. . .[and] therefore Appellant's fair hearing request is premature." (Decision I[2] at 4-5). According to Ms. Mai, the ALJ advised her that the N.Y.S. Department of Health was the correct entity to handle the wheelchair replacement request and that she needed to proceed through the Hospital.

Ms. Mai asserts that in September 2011 she filed paperwork with Dermer Pharmacy requesting that it provide her with a wheelchair. In October 2011, a billing manager at Dermer Pharmacy informed her that the paperwork had been forwarded for approval, but that Medicare had rejected the request. On November 7, 2011, Ms. Mai sought a second fair hearing by the N.Y.S. Department of Health. By letter dated November 21, 2011, the OHIP informed her that it had not received the papers from Dermer Pharmacy; indeed, the OHIP stated that "[a]ccording to the beneficiary's Durable Medical Equipment (DME) file, there is no evidence of any Prior Approval request for a power wheelchair received in this office." (OHIP Let. II[3] at 1). Ms. Mai asserts that after receiving this letter, she mailed a copy of her application paperwork to the N.Y.S. Department of Health directly.

Ms. Mai claims that during this process, she suffered back and shoulder pain. In response, Bellevue Hospital ordered home care for her, and then later enrolled her in Guildnet's

---

[2] Citations to "Decision I" refer to the Decision After Fair Hearing, dated June 25, 2011, attached as Exhibit B to Ms. Mai's proposed federal Complaint.

[3] Citations to "OHIP Let. II" refer to the letter from the NYS Office of Temporary & Disability Assistance, dated November 21, 2011, attached as Exhibit C to Ms. Mai's proposed federal Complaint.

3

long term care program.[4]  After learning that the N.Y.S. Department of Health had not received her wheelchair request paperwork from Dermer Pharmacy, Ms. Mai claims that she contacted Dermer Pharmacy, conveyed this information, and explained that they should send her papers to Guildnet so that Guildnet could forward them to the N.Y.S. Department of Health.  According to Ms. Mai, a case manager from Guildnet subsequently notified her that Guildnet had received the paperwork from Dermar Pharmacy, but she contends that Guildnet never forwarded the paperwork on to the N.Y.S. Department of Health.

Ms. Mai alleges that at the second fair hearing, held on December 28, 2011, the N.Y.S. Department of Health stated – in conformity with the letter that it wrote to her on November 21, 2011 – that it had not received any Prior Approval request for a power wheelchair from Dermar Pharmacy.  Ms. Mai claims that the ALJ instructed her that her request for a wheelchair from the N.Y.S. Department of Health should be pursued by applying through Guildnet.  In fact, the ALJ found that Ms. Mai's complaint did not present a question over which the Commissioner had jurisdiction to issue a determination.  The ALJ determined that "since the prior approval request was just initiated by the Appellant after the [N.Y.S. Department of Health's] letter. . .there is no issue to be decided. . .regarding Appellant's physician's prior approval request for a power wheelchair.  The Appellant is advised to wait for [the N.Y.S. Department of Health's] determination regarding her recently submitted prior approval request for a power wheelchair."

---

[4]The OHIP's November 21, 2011 letter to Ms. Mai further states that Ms. Mai is covered by a Medicaid Managed Care plan through Guildnet as of November 12, 2011, and that her requests for medical equipment – namely, the power wheelchair – should be pursued through Guildnet.  Ms. Mai asserts that she withdrew from GuildNet on April 1, 2012 because she could not afford it.

(Decision II[5] at 7).

On April 9, 2012, Ms. Mai requested a third fair hearing by the N.Y.S. Department of Health because she had not received a response to her wheelchair request. On May 3, 2012, the OHIP sent her a notice stating that "mailing her physician's prescription to this unit" was insufficient "for an equipment review for medical necessity," and that she would need to proceed through an enrolled equipment provider. (See OHIP Let. III[6] at 2). The letter explained that "a request for a power wheelchair must be entered into the system by an enrolled equipment provider" and that Dermar Pharmacy was not an enrolled equipment provider. In its place, the letter provided Ms. Mai with two alternative, approved wheelchair stores, which the OHIP advised her to use, as "an experienced wheelchair provider would be the one to coordinate the process and then submit the appropriate forms and supporting documentation to Medicaid for a medical review." (Id.) Ms. Mai objected to using one of these other vendors, arguing that Dermer Pharmacy was the dealer for her first wheelchair and should be acceptable now.

On June 12, 2012, the third fair hearing was held. According to Ms. Mai, the representative from the N.Y.S. Department of Health, Ms. Maureen Burns, stated that the N.Y.S. Department of Health had no record of Ms. Mai's first wheelchair because it had not been covered, and therefore it could not accept her application for a replacement wheelchair. However, Ms. Mai contends that her first wheelchair was approved and paid for by Medicaid.

---

[5]Citations to "Decision II" refer to the Decision After Fair Hearing, dated January 13, 2012, attached as Exhibit D to Ms. Mai's proposed federal Complaint.

[6]Citations to "OHIP Let. III" refer to the letter from the NYS Office of Temporary & Disability Assistance, dated May 3, 2012, which is attached as an Exhibit, without a designation, to Ms. Mai's proposed federal Complaint.

Consequently, the ALJ instructed Ms. Mai that she needed to obtain a letter stating that her first wheelchair had been paid for by Medicaid.

Ms. Mai's proposed federal Complaint alleges that the decisions made by defendants were erroneous and contrary to law. Specifically, she alleges that her rights were violated by the N.Y.S. Department of Health's failure to accept her paperwork, its failure to act on her application for a power wheelchair, its refusal to accept her choice of wheelchair dealer, and its allegedly false statements that Medicaid did not cover the wheelchair she sought, and that it had no record of her first wheelchair. She asks this Court to modify the decisions of the ALJ's to order defendants to provide her with a replacement power wheelchair and to correct their records to reflect that her first wheelchair was approved by and paid for by Medicaid.

## DISCUSSION

Ms. Mai's proposed federal Complaint seeking review of the ALJs' judgments is improperly filed in the Eastern District of New York. Appeals from an ALJ's fair hearing decision may be filed in New York State Supreme Court, pursuant to N.Y. C.P.L.R. §§ 7801-7806. Thus, since there is neither a federal question at issue nor complete diversity between the parties, this Court lacks subject matter jurisdiction over plaintiff's claim. Accordingly, it is respectfully recommended that Ms. Mai's motion for leave to file her Complaint be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Sec'y of Health & Human

Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
July 2, 2012

*Cheryl Pollak* (signature)
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York